IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SCENIC HOLDING, LLC                                                                   PLAINTIFF

v.                             No. 4:03CV00598 GH

THE NEW BOARD OF TRUSTEES OF THE TABERNACLE
MISSIONARY BAPTIST CHURCH, INC., ET AL.                                DEFENDANTS

KEITH MOLDEN, WILSON MEDLOCK,
DAVID SURRATT AND DON MOLDEN              INTERVENORS-DEFENDANTS

ORDER

At the conclusion of the January 27th and 28th hearing the Court denied plaintiff's motion for appointment of a receiver and supplemented that ruling with a written order filed on February 8th.

On February 16th, Plaintiff filed a motion for summary judgment as to the New Board Of Trustees Of the Tabernacles Missionary Baptist Church, Inc., asking for the amount of $510,602.99 representing the principal; $27,433.92 representing accrued interest to April 4, 2003, with a daily interest accrual of $104.92 and $525 in unpaid late fees. Plaintiff also incorporated by reference its Motion for the Court to Rule on Merits filed February 2, 2005.

In responding to Plaintiff's Motion For Summary Judgment, The New Board of Trustees, allege that Plaintiff has not shown that its note is secured, and the only summary judgment to which Plaintiff is entitled should hold that no mortgage referred to in the pleadings or proof here is valid and should be denied.

Intervenors-Defendants in responding to Plaintiff's Motion For Summary Judgment argue that the Motion should be denied because Plaintiff failed to offer into evidence any admissible proof that the debt it was pursuing had been incurred and/or that it had any interest in the subject property.

After carefully reviewing the record and considering argument of the attorneys, the Court finds that Mutuality Of Obligation is not existing in the arrangement or agreement between Plaintiff and the New Board of Trustees. Mutuality of obligation requires that unless both parties to a contract are bound, neither is bound. Such obligation as pertaining to executory contract requires that each party to the agreement be bound to perform, and if it appears that one party was never bound to do the acts which formed the consideration for promise of the other, there is lack of mutuality of obligation and the other party is not bound. Stated differently, mutuality of obligation is necessary to the establishment of a valid contract, mutuality of obligation means that both parties are bound or neither is bound, it is well settled that a contract must be binding upon both parties at the same time for it to be deemed valid and enforceable as to either. 17 C.J.S. Mutuality of Promises § 109; 17 Am Jur 2d § 23. See also:<u>Sala & Ruthe Realty, Inc., v. D.W. Campbell,</u> 89 Nev. 483, 515 P.2d 394 (1973) (after finding mutuality of obligation never existed between vendor and purchaser and, accordingly, no binding contract ever existed, made the following observation: "Mutulity of obligation requires that unless both parties to a contract are bound, neither is bound."

The Court considered the following circumstances in finding no mutuality of obligation in the agreement between Plaintiff and The New Board Of Trustees:

    (1) The New Board of Trustees met in privacy and organized the New Board of

2

Trustees and later incorporated The New Board. They knew that they did not have the authority to take such action; and such action was in violation of The Tabernacle Missionary Baptist Church's by-laws and constitution that provide that only the congregation in a duly called meeting select individuals as trustees who are members and have accepted Jesus Christ as their savior.

(2) The New Board of Trustees knew that they did not have the authority to enter into a contractual relationship without prior approval of a majority of the members during a duly called meeting. From the very beginning, The New Board Of Trustees knew it could not execute a valid and legal mortgage to the Plaintiff. Only a majority of the members of the Church in a duly called meeting could authorize only the individuals selected as trustees to grant a lien on assets of the Church.

(3) Plaintiff knew or should have known that The New Board Of Trustees were violating the Church's by-laws and constitution inasmuch as the Plaintiff had an affirmative duty to acquaint itself with the by-law and constitution of the Church in order to create a valid contract. In addition, the evidence reflects that the insurance carrier of Plaintiff had written Plaintiff a memorandum advising Plaintiff to examine the Church's by-laws and constitution.

(4) During the hearing an official of the Church stated that an associate of Plaintiff suggested to The New Board Of Trustees to incorporate; that action of incorporation violates the National Baptist Denomination's national policy that only individuals can serve as trustees for a Baptist Church.

Accordingly, Plaintiff's Motion For Summary Judgment is denied due to the lack of Mutuality Of Obligation in the agreement. In addition, the Court denies Plaintiff's request for a ruling on the merits since the motion has been rendered moot.

IT IS SO ORDERED this 12 day of January, 2006.

George Howard, Jr.
UNITED STATES DISTRICT JUDGE

3