IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SCENIC HOLDING, LLC                                                                                    PLAINTIFF

v.                                          No. 4:03CV00598 GH

THE NEW BOARD OF TRUSTEES OF THE TABERNACLE
MISSIONARY BAPTIST CHURCH, INC., ET AL.                                                DEFENDANTS

## ORDER

The Court, after hearing argument of counsel concerning plaintiff's April 20th motion for reconsideration, ruled from the bench, the morning of April 20th, denying that motion. The Court also found that the assignor is a necessary party and that plaintiff has refused to comply with this Court's April 19th order to immediately bring in the assignor as a plaintiff to this lawsuit. The Court then granted plaintiff until 2:30 p.m. to take steps to make the bank a party plaintiff in this case.

That afternoon, plaintiff advised that the bank, which refused to join in the litigation, had been joined as an involuntary party plaintiff by the fourth amended complaint. Counsel for the Tabernacle Trustees referred to their motion to strike that complaint.

After hearing argument from all counsel, the Court made the following ruling:

What I'm going to do is dismiss the causes or the claims filed in the third amended complaint starting with cause number 2 through 9. I'm going to dismiss them and we will continue with this case on that one complaint, on the note and the mortgage.

Now the reason for dismissing these claims is that the assignor has refused to voluntarily come in, has refused to cooperate with her and I find that the assignor is an indispensable party in order to afford the defendants a fair and an impartial trial for the following reasons. After carefully reviewing the pleadings, the proposed findings of fact submitted by counsel, pretrial briefs, arguments of counsel, evidence received, and after reviewing the assignment

-1-

which is dated November 21, 2002, but was discovered on yesterday during the cross examination by Mr. Owen, who represents the board of trustees of the Tabernacle Baptist Church and this was disclosed by a witness who had been called by the plaintiff and who is a representative of the plaintiff. Now the provisions in this assignment that serve as a basis for the court's finding that the assignor is a necessary and indispensable party, I make reference to certain provisions of the assignment. The note, the mortgage and all other instruments or written documents executed in connection with the loans are collectively referred to as loan documents hereafter loan documents. The loan documents shall include without limitation all modification, restructuring, extensions, consolidations, replacements, renovations and amendments thereto.

In addition the following are factors that the court considered in reaching a decision that the assignor is an important party and in order to make sure that defendants receive justice should be made a co-plaintiff in this action. Including without limitation contract claims, tort claims, reimbursement rights under letters of credit and all other claims at law or in equity, suits, causes of action and other rights of the assignor against any other person in the loan and loan documents.

The Court also noted the following in reaching the conclusion that the assignor is an important party. Defendant contends that assignor was advised by an associate who was an insurance agent that the assignor used and the assignor was advised that the assignor should review and follow the Tabernacle Baptist church's bylaws in its business relation with the trustee of the church but assignor failed and refused to follow this advice. The further contention that defendants and the defendants had accord and satisfaction with the assignor, the allegation by defendants of novation and the court also reviewed those documents pertaining to the hearing that was conducted in January 2005 wherein the plaintiff asked for the appointment of a receiver. The Court noted an inference that assignor may have motivated the new board of trustees to incorporate as an entity as trustees of the Tabernacle Baptist church which action conflicts with the Baptist denominations policy that only individuals may serve as trustees of a church.

Another factor, it is alleged the assignor knew that the new board of trustees did not have title to the church's property. And then it is further alleged that the assignor knew that the church had not approved of the business transaction in which the new board of trustees participated in and finally it is alleged that documents that the new board of trustees executed were pre-prepared upon pre-printed forms prepared by the assignor. There are other factors that the court has relied upon in finding that the assignor is an indispensable party in order to afford defendants a fair trial.

In addition to the Court's findings the court also relies on Arkansas statute 16-61-112 which provides when the assignment is not authorized by statute the assignor must be a party as a plaintiff or defendant in a proceeding. Now the Court reviewed a case, I don't have it, where the Arkansas Supreme Court found in a case that tort claims are not authorized by statute and in such an action an assignor must be a party as a plaintiff or defendant.

\*\*\*\*

Now, your motion to dismiss this case in its entirety, I think would misuse taxpayer's money and I'm simply dismissing the claims 2 through 9 as set out in the third amended complaint.

Accordingly, the plaintiff's April 20th motion (#131) for reconsideration is denied. The April 20th fourth amended complaint (#132) is stricken thereby mooting the Tabernacle Trustees' April 20th motion (#133) to strike. Claims 2 through 9 of the third amended complaint are dismissed. The trial will resume on May 9th.

IT IS SO ORDERED this 24th day of April, 2006.

                                         *George Howard Jr.*
                                         UNITED STATES DISTRICT JUDGE