IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SCENIC HOLDING, LLC                                                                                       PLAINTIFF

v.                                              No. 4:03CV00598 JMM

THE NEW BOARD OF TRUSTEES OF THE TABERNACLE
MISSIONARY BAPTIST CHURCH, INC.; MICHAEL R.
THOMPSON, JOE GIVENS, AND VINCE HOWARD,
TRUSTEES AND REPRESENTATIVES (NOT INDIVIDUALLY)
OF THE NEW BOARD OF TRUSTEES OF THE TABERNACLE
MISSIONARY BAPTIST CHURCH; JOE GIVENS AND VINCE
HOWARD, TRUSTEES AND REPRESENTATIVES (NOT
INDIVIDUALLY) OF THE TABERNACLE MISSIONARY
BAPTIST CHURCH; JOE GIVENS AND VINCE HOWARD,
TRUSTEES AND REPRESENTATIVES (NOT INDIVIDUALLY)
OF TABERNACLE BAPTIST CHURCH; AND CASEY ROBERTS,
TRUSTEE AND REPRESENTATIVE (NOT INDIVIDUALLY) OF
TABERNACLE BAPTIST CHURCH                                                                    DEFENDANTS

KEITH MOLDEN, WILSON MEDLOCK, DAVID SURRATT,
AND DON MOLDEN, APPEARING AS TRUSTEES OF
TABERNACLE MISSIONARY BAPTIST CHURCH             DEFENDANTS/INTERVENORS

**ORDER**

By order filed on April 24, 2006, the Court[1] dismissed Claims 2 through 9 of the third amended complaint. The Court concluded the bench trial on May 9, 2006. In a memorandum opinion and order and judgment filed on June 27, 2006, the Court awarded plaintiff recovery on its cause of action against The New Board of Trustees of The Tabernacle Missionary Baptist Church, Inc. ("New Board, Inc.") on the multipurpose note, but denied the requested relief of foreclosure of

---

[1]The Honorable George Howard, Jr., died on April 21, 2007, and the case was reassigned to the undersigned on April 27th.

the mortgage on the real property owned by The Tabernacle Baptist Church as well as personal property submitted as security because New Board, Inc. did not have the authority to bind the church.[2]

On June 29th, New Board, Inc., Thompson, Givens, and Howard filed a motion for attorney's fees in the amount of $39,402.00.[3] The motion filed, pursuant to 28 U.S.C. §1927 and the Court's inherent power, is supported by brief, affidavit by C. Richard Crockett, and his time record seeking reimbursement for 197.1 hours at a rate of $200.00 per hour. These defendants request that plaintiff's attorneys satisfy personally the excess costs, expenses, and attorney's fees incurred after the state court suit due to the multiplication of the proceedings and plaintiff's counsel ignoring the settled law governing property transactions of Baptist churches and asserting through trial that Tabernacle Missionary Baptist Church was one and the same as New Board, Inc. without any fact, witness or law to support such contention.

These defendants state that, on May 23, 2003, plaintiff filed a complaint in the Pulaski County Circuit Court seeking to obtain judgment on the March 27, 2001 note of New Board, Inc. and to foreclose the mortgage which had been executed by the persons purporting to be Trustees of Tabernacle Missionary Baptist Church. They continue that New Board, Inc. filed an answer that the loan agreement and note were not executed by any person having title to the property described in the security agreement and/or the mortgage was never in New Board, Inc. These defendants state that plaintiff then nonsuited the state action.

---

[2] On July 27th, plaintiff filed a notice of appeal to this ruling as well as five other orders. Oral argument was heard by the appellate court on April 12th.

[3] Although the affidavit states $39,480.00 as the figure sought, all other references and the number of hours set out in the time record show that the sum requested is $39,402.00.

They assert that as Ark.Rul.Civ.Proc. 11 and F.R.Civ.P 11 require an investigation by counsel into the facts and the law of the case, the answer filed in the state action would have led any prudent counsel to make an exhaustive investigation as to the validity of the mortgage which plaintiff claimed was security for the March 27, 2001 note of New Board, Inc.  These defendants contend that an investigation should have included the closing papers in connection with the loans by Superior Bank to the Trustees of Tabernacle Missionary Baptist Church such as a commitment for title insurance which required proof that the congregation of Tabernacle Missionary Baptist Church had met to approve the mortgage yet the minutes of such a meeting are not to be found among the closing papers because no such meeting occurred and a cursory research of the law governing congregational churches in general and Baptist churches in particular would have revealed that without approval by the congregation, no mortgage or conveyance of church real property is valid.

They argue that a modicum of investigation would have shown that under the canon law of Baptist churches, a trustee must be a member of the particular church and that an entity which cannot be baptized cannot become a member of the church – all of which was pointed out in the answer filed by New Board, Inc. in state court.  These defendants state that the closing documents generated in connection with the March 27, 2001 note of New Board, Inc. proved that Superior Bank did not consider New Board, Inc. and Tabernacle Missionary Baptist Church to be the same entity; no knowledgeable witness testified at trial or in the hearing on receivership in support of such theory; and that theory was disapproved by exhibits offered or produced by plaintiff.  They further argue that plaintiff is a sophisticated business entity and its counsel are competent so that the price paid should have caused plaintiff and its counsel to at least infer that the March 27, 2001 note of New Board, Inc.

was unsecured, that the mortgage was invalid when it was recorded, and, even if valid, ceased to exist when the debt was paid on March 27, 2001.

These defendants assert that except for reflecting that the complaint was being filed in federal court and that the personal property should be seized by the United States Marshal rather than the Pulaski County Sheriff, the allegations in the complaint filed here are the same at the ones filed in state court. They continue that New Board, Inc. answered that it did not own the property described, it did not execute the mortgage, the plaintiff did not have an insurable interest in the property, and plaintiff did not own the mortgage because the indebtedness securing such mortgage had been paid. These defendants state that their counsel had a conversation with plaintiff's counsel on August 28, 2003 at which time it was pointed out that he did not represent Tabernacle Missionary Baptist Church, but plaintiff filed the first amended complaint on November 13, 2003 alleging that New Board, Inc. and Tabernacle Missionary Baptist Church were one and the same entity which creates a presumption that plaintiff's counsel knew that there was no security for the March 27, 2001 note of New Board, Inc.

They state that, after the answer, the proceedings included three motions to amend the complaint, four amended complaints, a motion for summary judgment, a motion for a receiver and a lengthy hearing on that issue, numerous depositions and discovery by plaintiff in an effort to foreclose the mortgage, and several days of trial. These defendants argue plaintiff could have had a judgment for principal and interest on the March 27, 2001 note of New Board, Inc. at any time after the filing of the suit in state court.

Plaintiff responded on July 10th with brief and exhibit. It counters that the claim that its counsel did not conduct a thorough investigation of the case is not accurate. Plaintiff points to the

testimony of Rodney Cameron regarding the title insurance that he had several conversations with members of Tabernacle Missionary Baptist Church who advised him that they were a "loosely formed church" and did not have such formalities that were described in the title insurance commitment and it is obvious that the title insurance company was satisfied that its requirements had been met because a policy was issued which insured the validity of the mortgage.  It continues that it was prevented from presenting approximately 90 percent of its case because the Court had previously concluded that plaintiff was under a duty to first find the congregation had formally met and voted on these persons to act as Trustees to mortgage the property although the record shows this church never followed such formalities.  However, plaintiff argues that the evidence was proffered and was considered by its counsel in opining the subject note was secured based upon the documents and actions of the parties.

To the argument that plaintiff could have had a judgment against New Board, Inc. at any time after the filing of the state suit, plaintiff asserts that New Board, Inc. never made an offer of judgment in either action, New Board, Inc. resisted the motion for summary judgment and motion ruling on the merits which sought only an unsecured judgment against New Board, Inc. after the Court had ruled against plaintiff on the mortgage, and plaintiff never received a letter from New Board, Inc. stating the belief that the suit was frivolous or vexatious.  It continues that New Board, Inc. could have easily stated that it had no objection to entry of judgment against New Board, Inc. after the receiver hearing yet it appears to have purposefully stayed in the case to assist Tabernacle Missionary Baptist Church and Tabernacle's counsel.

Plaintiff also contends that loans are sold daily at substantial discount and, here, Superior Federal Bank was in the process of selling all its interest to Arvest Bank so it was commercially

reasonable for Superior to want to rid itself of a defaulting loan with litigation imminent. It points to Superior's history with the defendants to avoid litigation and the testimony that Superior did not want to sue a church. Plaintiff states that it asserted in the litigation that the actual individuals of New Board, Inc. who signed the note and mortgage either acted in a dual capacity as an officer of New Board, Inc. and Trustee of Tabernacle Missionary Baptist Church or that the Court should consider that New Board, Inc. and Tabernacle Missionary Baptist Church were one and the same. Finally, plaintiff references additional equitable grounds that it states were set forth thoroughly in all of its pleadings and were reasonably relied upon by its counsel.

On July 17th, a reply was filed. They state that the policy title insurance issued was for the 1999 mortgage from the Trustees of Tabernacle Baptist Church and that plaintiff's argument is that since the title company is infallible and insured the validity of the mortgage, then the mortgage is valid despite the commitment for title insurance requiring proof of a meeting although such requirement was waived or modified by the issuing agent. These defendants continue that if Cameron had such conversations with members of the church, he should have insisted on attending the meeting of the congregation of Tabernacle Missionary Baptist Church called for the purpose of approving the mortgage and authorizing duly elected trustees of the church to execute the mortgage. They further point out that Cameron was not one of the persons who signed the title policy and the local agent was not called as a witness.

These defendants assert that plaintiff's own proffered exhibit belies the notion that Tabernacle Missionary Baptist Church was a "loosely formed church" without formalities. They contend that neither the persons who executed the 1999 mortgage nor the persons who executed documents in connection with the March 27, 2001 note of New Board, Inc. were duly elected trustees

of Tabernacle Missionary Baptist Church, plaintiff did not proffer any evidence that such individuals were duly elected trustees of Tabernacle Missionary Baptist Church, and there was no evidence that New Board, Inc. and Tabernacle Missionary Baptist Church were one and the same.

These defendants argue that plaintiff did not explain why any Baptist church or Tabernacle Missionary Baptist Church in particular would choose to act through a corporation or confer the power of a trustee on such corporation; the testimony was clear that New Board, Inc. was not and could not be a member of the church and so could not be a trustee of Tabernacle Missionary Baptist Church; there was no evidence before the Court to indicate that New Board, Inc. was authorized to act for Tabernacle Missionary Baptist Church or encumber property held by the trustees of Tabernacle Missionary Baptist Church; there was no evidence that the duly elected trustees of Tabernacle Missionary Baptist Church so dominated the affairs of New Board, Inc. that the non-profit corporation status of New Board, Inc. should be disregarded; and the argument that New Board, Inc. and Tabernacle Missionary Baptist Church are one and the same is wholly without merit.

They say that the Court may infer that the company and/or its agents refused to admit that it had made a mistake and insisted that this case be litigated and/or plaintiff demanded that the company defend the case in spite of knowing that the company was not obligated to pay the face amount of the note. These defendants insist that if the case had gone to trial in state court it would have been determined that New Board, Inc. owed the money and that plaintiff could not foreclose the mortgage. Finally, they argue that either or both the company and plaintiff acted in bad faith, their attorneys vexatiously multiplied the proceedings, and sanctions should be imposed.

28 U.S.C. § 1927 states "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

> A district court ... may order reimbursement of fees pursuant to 28 U.S.C. §1927 when an attorney's conduct multiplies the proceedings unreasonably and vexatiously, and, when "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003) (internal quotation omitted); see also Buchanan v. United Parcel Serv., Inc., 460 F.3d 1004, 1010 (8th Cir. 2006).

E.E.O.C. v. Trans States Airlines, Inc., 462 F.3d 987, 996 (8th Cir. 2006)

While the Court did reject some of plaintiff's arguments on the merits, the Court finds that plaintiff did not "unreasonably and vexatiously" multiply these proceedings. Plaintiff, through its counsel, vigorously pursued its claims, but its actions simply do not justify any award of fees under 28 U.S.C. § 1927 or the Court's inherent authority.

Accordingly, the June 29th motion (#147) for attorney's fees filed by New Board, Inc., Thompson, Givens, and Howard is hereby denied.

IT IS SO ORDERED this 6th day of June, 2007.

*[signature]*
UNITED STATES DISTRICT JUDGE